UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LOIS GONZALEZ,

                    Plaintiff,                                          Hon. Wendell A. Miles

v.                                                                     Case No. 1:06-CV-687

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.

§ 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim

for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under

Titles II and XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the

administrative record, and provides that if the Commissioner's decision is supported by substantial

evidence, it shall be conclusive.

        The Commissioner determined that Plaintiff is not disabled as defined by the Act.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit

proposed findings of fact and recommendations for disposition of social security appeals, the

undersigned recommends that the Commissioner's decision be **reversed and this matter remanded**

**for further factual findings**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 51 years of age at the time of the ALJ's decision.  (Tr. 20, 49).  She successfully completed high school worked previously as a box maker, packer, and lawn maintenance worker.  (Tr. 18, 387).

Plaintiff applied for benefits on January 4, 2005, alleging that she had been disabled since November 16, 2004, due to right arm pain.  (Tr. 49-51, 97, 119, 332-34).  Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 23-48, 335-39).  On November 10, 2005, Plaintiff appeared before ALJ James Prothro, with testimony being offered by Plaintiff and vocational expert, Dr. Paul Delmar.  (Tr. 382-432).  In a written decision dated January 19, 2006, the ALJ determined that Plaintiff was not disabled.  (Tr. 13-20).  The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter.  (Tr. 4-7).  Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## MEDICAL HISTORY

Treatment notes dated December 2, 2003, reveal that Plaintiff was suffering from "major depressive affective disorder, single episode, unspecified degree."  (Tr. 170).

X-rays of Plaintiff's right shoulder, taken on November 1, 2004, revealed "advanced degenerative narrowing of the glenohumeral joint space with inferiorly projecting spur." (Tr. 187). There was also evidence of "subchondral cystic change throughout the humeral head." *Id.* A November 22, 2004 examination of Plaintiff's right shoulder revealed "decreased" range of motion and "painful" movement. (Tr. 150). Plaintiff was diagnosed with osteoarthritis of the right shoulder. (Tr. 147).

On November 30, 2004, Plaintiff was examined by Dr. A. Scott Lachniet. (Tr. 241). An examination of Plaintiff's right shoulder revealed "very limited" range of active motion. X-rays revealed "severe glenohumeral arthritis." Conservative treatment of Plaintiff's shoulder symptoms was unsuccessful. *Id.* On February 14, 2005, Plaintiff underwent hemiarthroplasty surgery of the right shoulder, performed by Dr. Lachniet. (Tr. 226-32).

On March 17, 2005, Plaintiff participated in a consultive examination conducted by David Cashbaugh, Jr., limited licensed psychologist, and Mel Scherpenisse, Ph.D., licensed psychologist. (Tr. 233-38). Plaintiff reported that she was unable to work due to her right shoulder impairments. (Tr. 233). She also reported that she was disabled because she "can't do the things that she used to do." *Id.* Plaintiff rated her current level of depression as 6-7 (on a scale of 1-10). (Tr. 236). She rated her shoulder pain as 7-8 (on a scale of 1-10). *Id.* Plaintiff "was tearful during the examination and cried through most of it." (Tr. 237). Plaintiff was diagnosed with depressive disorder and her GAF score was rated as 55. (Tr. 238).

On April 5, 2005, James Tripp, Ed.D. completed a Psychiatric Review Technique form regarding Plaintiff's mental limitations. (Tr. 245-58). Determining that Plaintiff suffered from depression, the doctor concluded that Plaintiff satisfied the Part A criteria for Section 12.04

(Affective Disorders) of the Listing of Impairments. (Tr. 244-54). The doctor determined, however, that Plaintiff failed to satisfy any of the Part B criteria for this particular impairment. (Tr. 255). Specifically, the doctor concluded that Plaintiff suffered no restrictions in the activities of daily living, no difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace, and never experienced episodes of decompensation. *Id.*

On May 3, 2005, Plaintiff was examined by Dr. Lachniet. (Tr. 260). Plaintiff reported that she was experiencing "severe pain" in her shoulder. Plaintiff exhibited "quite good" motion in her shoulder and an x-ray did not reveal any "obvious problem." *Id.*

On August 18, 2005, Dr. Lachniet reported that Plaintiff was suffering from "severe degenerative arthritis." (Tr. 261). The doctor reported that while Plaintiff exhibited "good" shoulder motion, she continued to experience pain, "which was not changed very much by her operation." Dr. Lachniet concluded that Plaintiff "is disabled and unable to work." *Id.* Treatment notes dated October 28, 2005, report that Plaintiff was "still having a lot of trouble with her pain and [range of motion] of her shoulder." (Tr. 274).

On November 3, 2005, Dr. Lachniet provided a sworn statement regarding Plaintiff's condition. (Tr. 321-30). The doctor reported that Plaintiff was right-hand dominant. (Tr. 327). Dr. Lachniet also reported that Plaintiff's assertion that she can neither use her right arm to close a car door nor reach out to lift a gallon of milk was "reasonable" based on his treatment of Plaintiff. (Tr. 328). The doctor reported that "if [Plaintiff] lifts right next to her body without moving her shoulder, she may be able to lift eight or 10 pounds, but she certainly couldn't do it in any other position." (Tr. 328-29). Dr. Lachniet reported that there was nothing further that he could offer Plaintiff in terms of treatment. (Tr. 329).

At the administrative hearing, Plaintiff testified that she first injured her right shoulder in approximately 1980. (Tr. 390-91). According to Plaintiff, her doctors were unable to successfully treat her injury. *Id.* As a result, her shoulder "would come out" if she tried to toss bread to a bird or use a fly swatter. (Tr. 390). Plaintiff reported that she can walk "four or five" blocks, stand for 30 minutes, and sit for 30 minutes. (Tr. 400-02). She testified that she can lift one-half gallon of milk with her left arm and "maybe a pound" with her right arm. (Tr. 402-03). Plaintiff reported that she cannot lift her right arm above shoulder level. (Tr. 404-05).

## ANALYSIS OF THE ALJ'S DECISION

### A. Applicable Standards

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1420(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional

---

[1]1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.


**B.  The ALJ's Decision**

The ALJ determined that Plaintiff suffers from degenerative arthritis of the right shoulder (status post surgery), a severe impairment.  (Tr. 15).  The ALJ concluded that this impairment failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  *Id.*  The ALJ concluded that while Plaintiff was unable to perform her past relevant work, there existed a significant number of jobs which she could perform despite her limitations.  (Tr. 15-19).  Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.


**1.  The ALJ's Decision is Not Supported by Substantial Evidence**

Plaintiff bears the burden of demonstrating her entitlement to benefits, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.

As noted above, the Commissioner has established a five-step disability determination procedure.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v.*

*Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which

point claimant bears the burden of proof).

With respect to Plaintiff's residual functional capacity, the ALJ determined that

Plaintiff retained the capacity to perform work activities subject to the following limitations: (1) she

can perform activities in which her right upper extremity can be used as a guide for the left upper

extremity; (2) she can only occasionally perform handling activities; (3) she cannot perform any

overhead reaching; and (4) she cannot engage in any forceful use of her right upper extremity.  (Tr.

17).  A vocational expert testified that there existed 9,250 jobs which a person with such limitations

could perform.  (Tr. 425-27).  Accordingly, the ALJ concluded that Plaintiff was not disabled.

### a.   The ALJ Did Not Properly Evaluate Plaintiff's Credibility

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical

impairment, *may* be severe enough to constitute disability."  *King v. Heckler*, 742 F.2d 968, 974 (6th

Cir. 1984) (emphasis added).  As the relevant Social Security regulations make clear, however, a

claimant's "statements about [her] pain or other symptoms will not alone establish that [she is]

disabled."  20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d

525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)).  Instead, as the Sixth Circuit has

established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the

following standard:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.  If there is, we then examine: (1)
> whether objective medical evidence confirms the severity of the
> alleged pain arising from the condition; or (2) whether the objectively

> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted).  This standard is often referred to as the *Duncan*

standard.  *See Workman v. Commissioner of Social Security*, 2004 WL 1745782 at *6 (6th Cir., July

29, 2004).

As the Sixth Circuit has repeatedly held, "subjective complaints may support a

finding of disability only where objective medical evidence confirms the severity of the alleged

symptoms."  *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)).  However,

where the objective medical evidence fails to confirm the severity of a claimant's subjective

allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the

significant conflicts in the administrative record."  *Workman*, 2004 WL 1745782 at *6 (citing

*Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be

accorded great weight and deference."  *Workman*, 2004 WL 1745782 at *6 (citing *Walters*, 127 F.3d

at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t

is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the

witnesses and weigh and evaluate their testimony").  Nonetheless, the ALJ "is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion about an individual's

credibility.'"  *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 247 (6th Cir. 2007) (quoting

Social Security Ruling 96-7p).  Instead, the ALJ's credibility determinations must be "based on a

consideration of the entire case record" and "must find support in the record."  *Id.* at 247-48.  The

ALJ is also required to "explain his credibility determinations in his decision such that it 'must be

sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and *the reasons for that weight*." *Id.* at 248 (emphasis added). Accordingly, "blanket assertions that the claimant is not believable will not pass muster." *Id.*

In his opinion, the ALJ concluded that "the claimant's allegations regarding her limitations are not totally credible." (Tr. 17). As Plaintiff correctly asserts, however, the ALJ failed to articulate any rationale for this credibility determination, thus violating the authority identified above. Defendant's arguments to the contrary are unpersuasive.

As Defendant correctly asserts, the ALJ did state that he "carefully considered the claimant's treatment history, the objective medical findings, her medication usage, her daily activities, and the comments of the treating medical sources." (Tr. 17). According to Defendant, the ALJ's rationale for finding Plaintiff less than credible is implicit in his discussion of this evidence. The Sixth Circuit has held, however, that the ALJ may not simply imply or suggest the basis on which his credibility determination rests. Instead, the ALJ "must *specify* the reasons for his findings so that the applicant and subsequent reviewers will have a fair sense of the weight given to the applicant's testimony." *Golembiewski v. Barnhart*, 322 F.3d 912, 916 (6th Cir. 2003).

Moreover, there is a significant distinction between (a) simply identifying the evidence that the ALJ considered in rendering his credibility determination, and (b) articulating how consideration of that evidence lead to the conclusion that Plaintiff's subjective allegations were less than credible. As Plaintiff correctly argues, portions of the evidence of record (e.g., her treatment history, objective medical findings, medication usage, daily activities, and comments from treating sources) *support* her subjective allegations of disabling pain and limitation. The ALJ obviously

evaluated the evidence and reached a different conclusion regarding Plaintiff's credibility. However, the ALJ failed to explain with any particularity how he reached his conclusion that Plaintiff was not credible. Instead, he offers nothing more than a "blanket assertion" regarding Plaintiff's credibility. In other words, the ALJ is obligated to not simply identify the evidence that he weighed, he must also describe with sufficient particularity *how* he weighed such evidence to reach his credibility determination.

Defendant next goes to great lengths to identify those portions of the medical record which allegedly support the conclusion that Plaintiff's subjective allegations are "not totally credible." In so doing, Defendant offers an analysis of the evidence not articulated by the ALJ. The Sixth Circuit has likewise rejected this argument, stating that "general principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ." *Golembiewski*, 322 F.3d at 916. In sum, because the ALJ failed to properly assess Plaintiff's credibility, the Court finds that the ALJ's decision is not supported by substantial evidence.

While I find that the ALJ's decision is not supported by substantial evidence, Plaintiff is entitled to benefits only if proof of her disability is "compelling." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994) (the court can reverse the Commissioner's decision and immediately award benefits if all essential factual issues have been resolved and proof of disability is compelling). While the ALJ's decision is not supported by substantial evidence, the Court does not find compelling evidence that Plaintiff is disabled. Instead, this matter must be remanded so that the Commissioner can properly assess Plaintiff's credibility and any other issue

relevant to Plaintiff's claim.  Accordingly, the Court recommends that this matter be remanded for further factual development pursuant to sentence four of 42 U.S.C. § 405(g).


## CONCLUSION

For the reasons indicated herein, I conclude that the ALJ's decision is not supported by substantial evidence.  I further conclude, however, that there does not exist compelling evidence indicating that Plaintiff is disabled.  Accordingly, I recommend that this matter be **remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).**

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date:  January 17, 2008                                      /s/ Ellen S. Carmody
                                                              ELLEN S. CARMODY
                                                              United States Magistrate Judge